UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYMOND JASON JOHNSON, #479175,

        Petitioner,

v.

CASE NO. 13-CV-13828
HONORABLE NANCY G. EDMUNDS

DAVID BERGH,

        Respondent.
                                           /

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING THE MOTION FOR STAY AND ABEYANCE,
DENYING A CERTIFICATE OF APPEALABILITY, AND
DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I. INTRODUCTION**

Michigan prisoner Raymond Jason Johnson ("Petitioner") has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, as well as a motion to stay the proceedings so that he can return to state court and exhaust one of his claims. Petitioner was convicted of first-degree murder and possession of a firearm during the commission of a felony following a jury trial in the Wayne County Circuit Court. He was sentenced to consecutive terms of life imprisonment without the possibility of parole and two years imprisonment in 2008. In his pleadings, he raises claims concerning the effectiveness of appellate counsel, the admission of other acts evidence, and the admission of hearsay. Petitioner acknowledges that his petition is untimely and that his ineffective assistance of appellate counsel claim is unexhausted. He seeks equitable tolling and a stay of the proceedings. Having reviewed the matter, the Court finds that the petition is untimely and must be dismissed for failure to comply with the one-year statute of limitations set forth at

28 U.S.C. § 2244(d).  The Court also finds that a stay is unwarranted and that a certificate of appealability and leave to proceed *in forma pauperis* on appeal should be denied.

## II.  FACTS AND PROCEDURAL HISTORY

Petitioner's convictions arise from the shooting death of a man at a residence in Detroit, Michigan in June, 2005.  The Michigan Court of Appeals described the facts, which are presumed correct on habeas review, 28 U.S.C. § 2254(e)(1); *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009), as follows:

> Defendant's convictions arise from the June 2005 shooting death of Marion Jackson, which occurred while they were both attending a barbeque at the house of Kimberly Hanson in Detroit. Witnesses testified that during the evening, defendant displayed a handgun and waived it around. Later in the evening, defendant began arguing with Jackson and Hanson saw defendant punch Jackson, who was in a chair on the front porch. Defendant then stood over the victim and pointed a gun at him. Hanson, who was inside the house, yelled at defendant to stop and picked up a telephone to call the police. Defendant told Hanson to put the telephone down or he would kill the victim. Hanson dropped the telephone and kicked it into a hallway. She then walked to the hallway and picked up the telephone and began to dial 911. Hanson then heard a shot, followed by a second shot, after which she hid in her bedroom. Hanson admitted that she did not actually see defendant shoot Jackson.
>
> Jackson died from a single gunshot wound to his head. A warrant was issued for defendant's arrest, but he was not apprehended until more than two years later in Milwaukee, Wisconsin. Evidence was presented that when defendant was arrested in Milwaukee, he attempted to flee from the police and, at one point during a foot chase, pointed a gun at a police officer before he tripped and fell. The police recovered a .40-caliber handgun from defendant's possession, but the gun did not match a shell casing that was recovered at the scene of Jackson's shooting.

*People v. Johnson*, No. 289066, 2010 WL 1573773, *1 (Mich. Ct. App. April 20, 2010) (unpublished).

Following his convictions and sentencing, Petitioner filed a direct appeal with the Michigan Court of Appeals raising concerning the admission of other acts evidence and the

admission of hearsay evidence. The Michigan Court of Appeals denied relief and affirmed Petitioner's convictions. *Id.* Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Johnson,* 488 Mich. 914, 789 N.W.2d 452 (Oct. 26, 2010).

Petitioner dated his federal habeas petition on August 30, 2013 and it was filed by the Court on September 9, 2013.

### III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, became effective on April 24, 1996. The AEDPA governs the filing date for this action because Petitioner filed his petition after the AEDPA's effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA includes a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

3

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). A habeas petition filed outside the time period prescribed by this section must be dismissed. *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000) (dismissing case filed 13 days after the limitations period expired); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

Petitioner's convictions became final after the AEDPA's April 24, 1996 effective date. The Michigan Supreme Court denied leave to appeal on direct appeal on October 26, 2010. Petitioner's convictions became final 90 days later, *see Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007); S. Ct. R. 13(1), on January 24, 2011. Accordingly, Petitioner was required to file his federal habeas petition on or before January 24, 2012, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner signed his federal habeas petition on August 30, 2013 - more than one year and seven months after the expiration of the one-year limitations period. Petitioner neither alleges nor establishes that the State created an impediment to the filing of his federal habeas petition or that his claims are based upon newly-discovered evidence or newly-created retroactively-applicable rights which would warrant habeas relief. His petition is therefore untimely under 28 U.S.C. § 2244(d).

Petitioner acknowledges that his habeas petition is untimely but asserts that he is entitled to equitable tolling of the one-year period because he did not receive a copy of the Michigan Supreme Court's October 26, 2010 decision denying leave to appeal until

4

February 25, 2013 – after making an inquiry into the status of his case on February 4, 2013.  The United States Supreme Court has confirmed that the statute of limitations is not a jurisdictional bar and is subject to equitable tolling.  *Holland v. Florida*, _ U.S. _, 130 S. Ct. 2549, 2560 (2010).  The Supreme Court has further verified that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Robertson v. Simpson*, 624 F.3d 781, 783-84 (6th Cir. 2010).  A petitioner has the burden of demonstrating that he is entitled to equitable tolling.  *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).  "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control."  *Jurado*, 337 F.3d at 642 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Petitioner's claim for equitable tolling must fail.  Although Petitioner apparently did not receive a copy of the Michigan Supreme Court's decision until February 25, 2013, he is not entitled to equitable tolling because he failed to diligently pursue his rights.  He waited more than two years and four months after receiving the Wayne County Prosecutor's responsive pleading to inquire into the status of his appeal before the Michigan Supreme Court.  Additionally, after receiving a copy of the Michigan Supreme Court's decision on February 25, 2013, he waited over six months to file his federal habeas petition.  Both delays were unreasonable.  Petitioner was simply not diligent in monitoring the status of his direct appeal in the state courts, or in pursuing habeas relief in federal court.  Consequently, he is not entitled to equitable tolling.  *See Keeling v. Warden*, 673 F.3d 452,

463-64 (6th Cir. 2012) (citing cases where equitable tolling denied due to petitioner's failure to monitor status of his appeal); *Elliot v. Dewitt*, 10 F. App'x 311, 313 (6th Cir. 2001) (denying equitable tolling where petitioner failed to monitor status of his appeal and promptly seek habeas relief); *Campbell v. Woods*, No. 2:11-CV-00015, 2011 WL 3739361, *1 (W.D. Mich. Aug. 24, 2011) (adopting magistrate judge's report denying equitable tolling where petitioner did not inquire into the status of his Michigan Supreme Court appeal for a year and a half and then, after learning of decision, waited another ten months to file his habeas petition); *see also Barry v. Mukasey*, 524 F.3d 721, 725 (6th Cir. 2008) (denying equitable tolling in immigration appeal on diligence grounds where petitioner, after learning of need to file a motion to reopen, waited three months to do so); *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) (denying equitable tolling where petitioner waited six months after learning that state petition had been denied to file his federal petition).

Moreover, that fact that Petitioner is untrained in the law, may have been proceeding without a lawyer for a period of time, or may have been unaware of the statute of limitations does not warrant tolling. *See Allen*, 366 F.3d at 403 (ignorance of the law does not justify tolling); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (the law is "replete with instances which firmly establish that ignorance of the law, despite a litigant's pro se status, is no excuse for failure to follow established legal requirements); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases stating that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling). Petitioner has not shown that he acted diligently in pursuing his rights and/or that the extended delay in seeking habeas relief arose from circumstances beyond his control.

He is thus not entitled to equitable tolling under *Holland*.

Both the United States Supreme Court and the United States Court of Appeals for the Sixth Circuit have held that a credible claim of actual innocence may equitably toll the one-year statute of limitations. *McQuiggin v. Perkins*, _ U.S. _, 133 S. Ct. 1924, 1928 (2013); *Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005). As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); *see also House v. Bell*, 547 U.S. 518, 537-39 (2006). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. Actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. Petitioner makes no such showing. He is not entitled to equitable tolling of the one-year period. His petition is untimely and must be dismissed.

## IV. CONCLUSION

For the reasons stated, the Court concludes that Petitioner failed to file his federal habeas petition within the one-year limitations period established by 28 U.S.C. § 2244(d), that he has not demonstrated entitlement to statutory or equitable tolling, and that the statute of limitations precludes review of his claims. Accordingly, the Court **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus. Given this determination, the Court also **DENIES** Petitioner's motion for stay and abeyance as unwarranted.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Id.* Jurists of reason would not find the Court's procedural ruling debatable. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed *in forma pauperis* on appeal as an appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED**.

S/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: October 31, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 31, 2013, by electronic and/or ordinary mail.

S/Johnetta M. Curry-Williams
Case Manager
Acting in the Absence of Carol A. Hemeyer

8